IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WOODROW MILLER, (TDCJ-CID #1535217) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-09-3515 |
| HARRIS COUNTY, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Woodrow Miller, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in October 2009, alleging a denial of due process. Based on the allegations and the applicable authorities, this case is dismissed. The reasons are set out below.

### I. The Allegations in the Complaint

Miller claims that the defendants are falsely alleging that on March 2, 2006, he pleaded guilty to the felony offense of indecency with a child by contact. (Cause Number 876249). Miller maintains that he never entered such a guilty plea. Miller claims that Judge Belinda Hill caused him to be arrested on several occasions for violating conditions of his community supervision that were based on the false plea. Judge Hill allegedly refused to enter a judgment on that plea so Miller could appeal. Instead, Judge Hill adjudicated Miller guilty on October 17, 2008 for violating the terms of community supervision.

Miller alleges that Theresa Chang, the Harris County, Texas Clerk of Court, prevented him from appealing the final judgment adjudicating guilt. Miller alleges that Chang was responsible for transferring him to the TDCJ instead of allowing him to remain at the Harris County Jail.

Miller alleges that prosecutors with the Harris County District Attorney's Office moved to adjudicate guilt on the false ground that he had pleaded guilty on March 2, 2006. The prosecutor ultimately caused Miller to be adjudicated guilty on October 17, 2008.

Miller alleges that in May or June 2008, the Harris County Adult Community Supervision Department compelled him to undergo sex offender counseling. Miller told the doctor that the information about his March 2, 2006 guilty plea was false. The doctor removed Miller from the therapy program because he refused to acknowledge that he had entered a guilty plea on March 2, 2006.

Miller alleges that Harris County maliciously prosecuted him and falsely imprisoned him based on a guilty plea of March 2, 2006. Miller insists there is no record of such plea.

Miller asks this court to declare that Texas Code of Criminal Procedure 42.12 is unconstitutional because he was barred from appealing the order deferring the adjudication of guilt and the final order adjudicating guilt. He requests a declaration that no final judgment was entered on the guilty plea on March 2, 2006. He seeks an injunction prohibiting further incarceration. He also requests unspecified compensatory and punitive damages.

## II.     The Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or as soon as practicable after docketing, a complaint in a civil action in which a prisoner sues a governmental entity, officer, or employee. A court is to dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v.*

*Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

In this lawsuit, Miller alleges that he was improperly convicted of indecency with a child, violating his civil rights. A ruling granting Miller the relief he seeks would necessarily invalidate his conviction and confinement. In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that a district court must dismiss a civil rights complaint under 42 U.S.C. § 1983 if upholding the complaint allegations would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Under *Heck,* Miller must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged before this suit may proceed. *Heck,* 512 U.S. at 486-87. Miller cannot make this showing. He has not alleged that his conviction for indecency with a child in Cause Number 876249 has been reversed, invalidated, or otherwise expunged. Until Miller receives a ruling declaring his conviction invalid, he cannot proceed with this lawsuit. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . .").

Miller's complaint that his indecency with a child conviction was improper is "legally frivolous" under §§ 1915(e)(2) and § 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Miller's claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## III.   Conclusion

The action filed by Woodrow Miller (TDCJ-CID Inmate #1535217) lacks an arguable basis in law. His claims are dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1).

On October 28, 2009, the Corpus Christi Division transferred this case to this court and denied pauper status without prejudice to reconsideration after transfer. (Docket Entry No. 8). This court has granted Miller leave to proceed as a pauper. His motion to reconsider the transferring court's denial of pauper status, (Docket Entry No. 10), is denied as moot. Miller's motion for the appointment of counsel, (Docket Entry No. 11), is denied as moot. Miller's motion to declare that 42 U.S.C. § 1983 preempts a Texas statute concerning expert reports, (Docket Entry No. 13), is denied as moot. Miller's motion to determine whether the Prison Litigation Reform Act applies, (Docket Entry No. 15), is denied as moot. Any remaining pending motions are denied as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Miller's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on December 23, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge